Good afternoon, Jeffrey Jones for the appellant Brent Hooton. I would like to reserve two minutes for good, please Regarding the special condition of release number eight It prohibits depicting or just any any materials depicting or describing sexually explicit conduct as defined in 18 USC 2256 sub 2 as to children or adults and this this condition is was plain error For the district court to impose it for two separate reasons under this courts this courts cases the first the first The first case is United States versus NERCY and NERCY but why isn't with respect to the NERCY issue Why isn't this case controlled by Daniels because it appears that this condition is the same as the one in Daniels and NERCY distinguished Daniels on the grounds that NERCY was not plain error and it had a patronage Requirement attached to it as well. Neither of which are true here So both of those this case is like Daniels and not like Bernanke So why isn't it controlled by Daniels in Daniels the court reviewed for plain error as we do here as you do here But NERCY didn't exist at the time of Daniels when the district court and Daniels made its decision. There was no NERCY holding When the when the court sentenced mr. Hooton here NERCY was controlling case law and I believe that makes the difference under plain error, but can NERCY puts just positive weight in distinguishing Daniels and Reardon on the fact that there was a Patronage place restriction that isn't yeah present here and also that the district court intended to limit it to what it thought of as Pornography and so the court thought that it was limiting it in accordance with the district courts attend Neither of those two things are true here. So why doesn't that make this more like Daniels in my reading of NERCY? I think that the court does consider those things absolutely But it puts very much weight on the over breadth of the amount of material That would be with this that's swept in by the language of this condition The the the definition under the statute when you apply that statutory definition that Congress intended for only for Conduct relating to children and when you apply it to adult conduct among adults it it prohibits a large number a large amount of material that's Pornographic that's not even intended to be sexually stimulating a movie that's PG rated that sort of thing and beyond and when it's a movie that's PG rated covered by the Like me anything any material that would be a movie that describes sexual intercourse Not explicitly simply describes sexual intercourse Doesn't have to show it it just has to talk about it under that under and that's that's a that sounds very broad but that's what that's what the That's what the condition says applied to children fine, but applied to adults and Beyond NERCY this also NERCY and NERCY the condition didn't prohibit Materials describing it only it was only materials depicting so when you add describe describing That's all written material a novel that describes sexual intercourse among adults would be Run afoul of this run afoul of this condition, and I do think NERCY it considers the other things you mentioned But I think the decision also puts quite a bit of weight on the over breadth of that of that condition is there Isn't he also sentenced to sex therapy is that and that's part of the concern here Is that part of the therapy was that specifically excluded I? mean because there's going to be I assumed the descriptions of Sexual nature in the sex therapy, and he presumably would be banned from doing that Which is was that precluded was that excluded under the under the condition? Yeah, didn't know the condition doesn't say anything about that And I think I think United States versus Cope the second case I was going to mention as far as controlling authority under plenary review Cope requires that very narrow carve-out just for therapy, or if he's doing if he's Doing some kind of litigation on his own behalf if he were to collateral attack his conviction. I see to clemency I don't know what that would be and it wouldn't be until 2044 when he's released But Cope requires carve-outs for those narrow areas and though and there that's applying That doesn't like those are two separate arguments one is you want the carve-out for that, and then the other one is you you? Want it not to say anything about describing I? a prohibition on describing Yes under activity and the the nurki the nurki Narrowing would apply to adult sexual conduct only and the Cope carve-out applies only to child applies to child Conduct involving children obviously because of the nature of the case, but only in that very narrow in that very narrow carve-out Just so I understand your argument with respect to the in the gunarchy argument your point Relates just to the word describing and not to depicting is that correct? That's true with the Cope argument with the nurki argument would be Describing and depicting because you've got a movie depicts a book describes And that would be so he has he has a right despite his offense conduct here to watch Depictions of sexual conduct as narrowed by nurki because nurki doesn't say he can watch any movie or read any book It says that the language that what nurki? Found the similar condition overbroad, and they narrowed it nurki narrowed it on appeal And it's explicit among as to adults. It's explicit conduct That's intended to be sexually stimulated, but they did that in part because the district court Wanted to limit it to what the district court there thought of this pornography But are you saying that if you just cannot because we're plain error here, so you cannot have a condition Will you say to a child pornography defendant? You're only going to watch the cleanest movies? Suitable for kids, so you're not even watching a movie depictions if we can't say that to them I Don't believe so under the first amendment and obviously you know in a criminal sentence. You're Why can't we because it's not as we see fit. I think it's closely It's not close not closely enough related to his to his crime or to the goals of supervised release into sentencing When you're prohibiting him from watching things that aren't really sexual there are things you'd see on TV that there are things You'd let a kid watch. It's not it's not even nakedness, or it's nothing lascivious It's nothing intended to be sexual But this doesn't cover even gonarchy said that this kind of a description doesn't kind of a just pure nudity That's go beyond nudity to be covered by this It would be You know of course the probation officer does Some interpretation here that that's a that's a clause in all these instructions as prohibited by the probation officer, but sexually stemming explicit Anything explicit and anything sexually stimulating as determined by the parole officer would be prohibited absolutely and I believe that's what no turkey requires and Reading Nerky while the it did matter that the district court intended to restrict him from adult you know from adult pornography I think that's the the case still very Spends a lot of discussion on how it's just simply overbroad it sweeps in a huge amount of a huge amount of entertainment and Never mind literature under this under this condition He wouldn't be able to take an American literature class at a community college That would that would violate his probation under this language You want to reserve yes, okay? Good afternoon and may it please the court. My name is Jessica Delaney, and I represent the United States During his sentencing hearing appellant failed to object to any of the special conditions of supervised release that were judged in his sentence for that reason every single Condition that this court reviews today is subject to a plain error standard of the problem is in in cope We applied plain error and cope was decided in 2008 and this sentence was imposed 16 years later in 2024 and it seems to have exactly the language that is condemned in cope. How does that happen? Well your honor the language in cope is slightly different, and I'll note that in In cope they explicit the court explicitly acknowledged that You could have a condition similar to the one in cope if it were limited similar to the condition in Reardon which was actually more closely aligned to the language here in that it cited Sexually explicit conduct and explicitly cited to the statutory code cope was a broader Standard of supervised release and that it simply stated child pornography, but isn't it true that the language here? Would cover the pre-sentence report in this case Your honor. I don't necessarily know that that is true The language here is almost identical to that in a choa and Yorkie with you must not possess any material describing sexually explicit conduct involving children the pre-sentence report in this case Contains descriptions of sexually explicit conduct involving children therefore it seems plainly covered by the language So it seems to have a cope problem and I'm just it's a little troubling that cope is on the books for 16 years and apparently we just Have people just ignoring it and writing conditions that are clearly invalid under it well your honor That's the reason the United States doesn't oppose this court construing the language in alignment with What it did in Yorkie and with the almost identical condition in United States versus a choa but that doesn't require a remand or the district court to Re-evaluate cope itself said that we can't make the change Necessary to conform that language to what it should be because the carve-out is such an unusual narrow Reticulated carve-out we can't do that from these terms, so we have to send it back aren't we bound by that Your honor not in light of the fact that in Yorkie, which was a an abuse of discretion case So so even less deference given to the court below this court was able to construe it in order to be and pass constitutional muster Accordingly this court could do the same thing in this case to construe it in such a way that is constitutionally valid But there's a difference between construing sexually explicit conduct to mean essentially pornography Especially when the district court said that in the oral judgment And then saying that the phrase sexually explicit conduct would be understood as not excluding Not including materials that you might need for a collateral challenge or materials that you need to write for your prescribed sexual abuse therapy program I mean those words just don't fall out of the general language of the way that a pornography limitation does correct your honor and what near Kano Choa did was they use the allowing the probation officer to determine whether the material is deemed inappropriate and We rely upon probation officers to some degree to be reasonable in their interpretation of the conditions of release New York he also acknowledged. There's a mens rea component to any violation of supervised Bottom line is it sounds like there's not a lot of disagreement that this needs to be conformed the question is what you think we can do it and and Opposing counsel thinks we need to send it back to have it done. I I'm Am I accurate in that I think that's very accurate. You're on number nine. I Mean I I dissented in the Nishita case. I you know, I don't agree with the outcome in that case, but But Nishita is the law. I I didn't think that this was controlled by Nishita. So I was somewhat intrigued by the fact that you Apparently have agreed that we need to send that one back as well to make clear that outpatient care Is is not being controlled by the the probation officer So your honor under a plain error standard of review what it's not the United States position that this court must Send it back for that clarification The term does not refer to inpatient treatment in any way And in fact provide some language indicating that the discretion for the probation officer in this case is limited to outpatient treatment it refers specifically to things that the sex offender treatment may include which is risk assessment polygraph examination or visual reaction treatment It doesn't provide the probation officer the discretion to determine the intensity as in the Nishita I think I'm agreeing with I think I'm agreeing with you. That's why I'm surprised as I understand it Maybe you can correct me. I thought you did not oppose Remanding for clarification on that that's correct your honor We don't oppose that if this court determines that it's necessary based in part on the fact that outside the record Just not a basis for decision is it even necessary because I will say when I read it I thought I'm not sure that this is actually necessary under Nishita your honor. I would agree with that I don't believe that remand is necessary This condition is distinguishable from Nishita and does not call for inpatient treatment or for the probation officer To make a decision as to whether inpatient or outpatient treatment is appropriate I think that portion of our brief is primarily to highlight that if any remand occurs it should be very limited in scope Similarly the last two conditions also under a plain error review appellant fails to meet his burden because there is contrary precedent upholding similar language of special Special conditions of supervised release and where there is controlling precedent or at least decisions that contradict one another there cannot be plain error Both those conditions with five and seven they're similar to ones that were also at issue in Daniels am I correct on that? Your honor they are very similar to the ones in Daniels which on a plain error review this court found that there was no plain Error is there anything post Daniels? You know that would undermine that in the way that council contends that Kenurkey under undermines Daniels as to number eight No, your honor not that I am aware of For for a special condition number eight. We're in that world of With with the the near key language limiting it, but outside of near key I'm not aware of anything that explicitly overrules Daniels or reared in Irvine's those can that that controlling precedent is no longer Controlling and in fact near key itself as your honor noted carved out the distinction from Reardon and the standard of review that was applied Barring any further questions from this court The United States submits on the brief and requests that this honorable court affirm the judgment. Thank you. Thank you You Very briefly With respect to the nirki decision and in plain error review two cases two cases have applied nirki after More recently and they're both cited in the brief square grower and Ochoa and grower remanded for the for for the Condition to comply with nirki admittedly neither of those are under plain error review, but I'd make the point that when when mr Putin was sentenced nirki had been on the book for nine years and Both of these cases applying nirki One upholding a condition because it complied with nirki and Guerrero remanding for compliance with nirki. Those were both on the books also But it does Daniels I thought focused on the describing language. I mean is it do we need to distinguish between describing and depicting? I mean you're saying no, but I thought Daniels specifically relied on Maybe I have it backwards, but I thought it was a describing language. That was problematic I think I believe I might the position the appellant's position is that Daniels is Is not on point because it was under plain error review and there was no controlling authority at that time and when mr Hooten was sentenced it is plain error because there was controlling authority Nirki and a number of cases with the other two cases I mentioned there was clearly established law in the books when mr Hooten was sentenced and that's not the case for dent for Daniels I'm about out of time. I could address the Nishida if you want to briefly It's the destruction Distinguishable this does seem distinguishable from Nishida. You'd think not I believe not if the instruction here was open-ended and if we review instructions by their plain meaning and their literal terms The instruction here clearly encompasses inpatient or could allow it your point is it could allow that could allow that it encompasses that It gives the probation officer that authority, which is an unconstitutional language in Nishida was much more Susceptible to a reading that it authorized the probation officer to pick inpatient confinement because the phrasing was including the quote provider location Modality duration and intensity Modality and intensity does suggest, you know, if you want to lock them up you can do it But we don't really have that kind of language here. It's true and I absolutely concede that but I think due to the open-ended nature of this this instruction and the the the principle that the review is for You know the just the plain language of the instruction and you don't narrow it you look at it literal terms numerous cases say that I'd point the court to United States versus Mike, which is a 10th Circuit decision and it applies. It's actually cited in Nishida and under Mike the instructions indistinguishable the condition is indistinguishable from the one that they That it's an issue here the point under Mike being that it takes an open-ended instruction Just like the one here and the in the 10th Circuit decided this is set This is this is empowering the probation officer to order inpatient therapy and that's that's unconstitutional Okay, thank you, thank you both parties arguments the case is now submitted and we'll move on
judges: NELSON, COLLINS, VANDYKE